**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sergio QUINTERO–GUEVARA, also known as Atemoc Acoltzi–Guevara, Defendant–Appellant.**

No. 03–40699.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 2003.

Paula Camille Offenhauser, Assistant US Attorney, James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Jeffrey L Wilde, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Sergio Quintero–Guevara appeals the sentence imposed following his guilty plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Quintero–Guevara complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b) based on a prior conviction. He argues that the sentencing provision is unconstitutional. Quintero–Guevara thus contends that his sentence should not exceed the maximum terms of imprisonment and supervised release prescribed in 8 U.S.C. § 1326(a).

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Quintero–Guevara acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.